UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
KNOAH SOLUTIONS, INC.,

        Plaintiff,

  -against-

ASKSUNDAY LLC and
AVINASH G. SAMUDRALA,

        Defendants.
------------------------------------------------------------------x

JUDGE BUCHWALD

12 CV 7608

Civil Action No.

**COMPLAINT**

**M A D A M/S I R S:**

    KNOAH SOLUTIONS, INC. ("Knoah"), by its attorneys, JAFFE & ASHER LLP, as and for its complaint against ASKSUNDAY LLC ("AskSunday") and AVINASH G. SAMUDRALA ("Samudrala"), alleges as follows:

### JURISDICTION AND VENUE

    1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) by reason of the diversity of citizenship of the parties and the fact that the amounts in controversy exceed the sum of $75,000 exclusive of costs. This is an action for damages based upon breach of contract, based upon a fraudulent conveyance, and enforcement of a Judgment.

    2.    At all times hereinafter mentioned, Knoah was, and still is, a corporation organized under the laws of the State of Nevada, with its principal place of business located at 701 N. Green Valley Parkway, Suite 200, Henderson, Nevada 89074.

3. At all times hereinafter mentioned, Knoah was, and still is, in the business of providing multi-channel contact center services to various companies.

4. Upon information and belief, at all times hereinafter mentioned, AskSunday was, and still is, a limited liability company organized under the laws of the State of Delaware, with its principal place of business located at 410 Park Avenue, New York, New York 10022.

5. Upon information and belief, AskSunday is in the business of providing telephone and email based concierge services.

6. Upon information and belief, at all times hereinafter mentioned, Samudrala was, and still is, an individual residing at 60 E. 9th Street, Apartment 516, New York, New York 10003.

7. Upon information and belief, at all times hereinafter mentioned, Samudrala was the principal and sole and/or controlling member of AskSunday.

8. Upon information and belief, no members of AskSunday reside in the State of Nevada.

9. Venue is appropriate in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391.

## SUBSTANTIVE ALLEGATIONS

10. On or about January 19, 2011, Knoah commenced an action against non-party Sunday LLC ("Sunday") in the District Court of Nevada, Clark County, under Case No. A-11-633519-C, (the "Nevada Action") seeking $191,564.00 in Past Due

Invoices and reasonable attorneys' fees and costs for breach of a March 31, 2008, Master Service Agreement ("MSA") and Statement of Work ("SOW") entered into by Knoah and Sunday.

11. Knoah fully performed under the MSA, however, Sunday failed to pay invoices for months of August 2010 through April 2011.

12. Samudrala was the sole member and/or the controlling member of Sunday.

13. Sunday was in the business of providing telephone and email based concierge service to individuals and companies, and its key asset was a website domain entitled www.asksunday.com (the "Website") and the good will associated with the Website.

14. On the Website, Sunday touted that it was Time Magazine's No. 2 Website of the Year for 2007, that it received the "Editors Choice Award" from PC Plus, and quoted Tim Ferriss, a well-known blogger, as stating that the Website was a "Top virtual concierge service."

15. On the Website, in its News Room Section, Sunday identified 40 articles or other media statements touting the Website, all dated between July 27, 2007 and September 14, 2011.

16. On or about April 8, 2011, Sunday, by its attorneys, Albright, Stoddard, Warnick & Albright, filed "Defendant Sunday LLC's Answer, Affirmative Defenses and Counterclaim to Plaintiff's Complaint" in the Nevada Action.

17. Sunday and its principal, Samudrala, recognizing that they had no defense to the claims against them in the Nevada Action, undertook a different path to avoid paying Sunday's obligations.

18. On or about January 26, 2012, Samudrala caused AskSunday to be formed under Delaware law.

19. Although AskSunday's principal place of business is in New York, and it regularly conducts business in New York, AskSunday failed to obtain authorization to do business within the State of New York.

20. Upon information and belief, Samudrala subsequently caused all of Sunday's assets to be transferred to AskSunday, most importantly, the Website, Sunday's goodwill, and Sunday's email addresses.

21. Upon information and belief, the transferred assets include, but are not limited to staff, bank accounts and most valuably, Sunday's good will.

22. Samudrala, who was the principal and primary member of Sunday, installed himself as the principal and primary member of AskSunday.

23. Of note, the Website was changed to identify it as owned by AskSunday, and it references AskSunday as being featured in CNN, Inc., FastCompany, THE WALL STREET JOURNAL, msnbc, FINANCIAL TIMES, TechCrunch, The Washington Port, and USA Today, when all of those features were about Sunday and its website.

24. After the ownership of the Website was transferred to AskSunday, it continued to tout that it was Time Magazine's No. 2 Website of the Year for 2007, that it received the "Editors Choice Award" from PC Plus, and quoted Tim Ferriss, a well-known blogger, as stating that the Website was a "Top virtual concierge service," when all of those items relate to the Website when it was owned by Sunday and relate to time periods before AskSunday was formed.

25. After the ownership of the Website was transferred to AskSunday, it continued to reference the 40 articles written about Sunday prior to the formation of AskSunday.

26. In addition to taking its physical and e-commerce assets, AskSunday completely and utterly usurped the corporate history and goodwill of Sunday, taking it as its own.

27. Once AskSunday was created and Sunday was made judgment-proof by transferring all of its assets to AskSunday, Samudrala stopped cooperating with Sunday's counsel, Albright, Stoddard, Warnick & Albright, in the defense of the Nevada Action, including refusing to provide the information necessary to respond to outstanding discovery demands.

28. On or about March 23, 2012, Albright, Stoddard, Warnick & Albright moved to withdraw as counsel of record for Sunday in the Nevada Action.

29. In support of its motion to withdraw as counsel, D. Chris Albright, Esq., an attorney with Albright, Stoddard, Warnick & Albright, identified the last known address and telephone number for Sunday as the following:

> Avinash G. Samudraia [sic.]
> SUNDAY LLC
> 410 Park Avenue, 15th Floor
> New York, New York 10022
> (212) 660-2923

30. On or about April 6, 2012, in the Nevada Action, the Court granted to the motion to withdraw and ordered Sunday to hire new counsel within 30 days.

31. At a status check on May 24, 2012 in the Nevada Action, to verify if Sunday complied with the court's order to employ new counsel, Sunday failed to appear.

32. On June 4, 2012, the Court in the Nevada Action ordered that Sunday appear on June 18, 2012 and show cause why its answer should not be stricken and its counterclaim should not be dismissed for failure to comply with the April 6, 2012 order.

33. Sunday failed to appear on June 18, 2012 in the Nevada Action; as such, the court thereby struck Sunday's answer and dismissed its counterclaims.

34. On or about July 16, 2012, based upon its answer being struck, the District Court of Clark County, Nevada, entered default against Sunday.

35. On August 27, 2012, District Court Judge Denton for the District of Clark County, Nevada, entered a judgment (the "Judgment") against Sunday in the amount of $288,516.78, together with accrued interest in the amount of $24,067.07, calculated at the legal rate of 5.25% from the time of service of the summons and complaint on January 25, 2011, until August 27, 2012, pursuant to NRS 17.130, with said interest continuing to accrue in the per diem amount of $42.08 until satisfied, together with Knoah's costs in the amount of $2,732.19, and attorney's fees in the amount of $50,050.00.

36. As of September 27, 2012, the total amount of the Judgment is $365,316.04 which continues to accrue interest at $42.08 per day from August 27, 2012 until the Judgment is satisfied.

37. Upon information and belief, because of the fraudulent transfer, defendants have caused the Judgment against Sunday to be uncollectible.

38. Upon information and belief, Sunday and AskSunday are nearly identical companies, and AskSunday is the successor corporation of AskSunday.

39. Upon information and belief, Sunday and AskSunday are both primarily owned and completely controlled and dominated by Samudrala.

40. Sunday and AskSunday are both are internet-based businesses created for the purpose of providing remote personal assistance to busy professionals, both operate the Website as their main source of client interaction, and both have an identical pricing structure and provide identical services.

41. The Website states, "Our only restriction is there is no bidding on any form of our trademarked brand or corporate name: AskSunday or Sunday", thus identifying the two entities as interchangeable.

### AS AND FOR A FIRST CLAIM FOR RELIEF
### (Fraudulent Conveyance Against AskSunday
### Pursuant to N.Y. Debt. & Cred. Law § 273 and § 273-a)

42. Knoah repeats and realleges each and every allegation contained in paragraph "1" through "41" of this Complaint as though fully set forth herein.

43. Although duly demanded by Knoah, no part of the Judgment has been paid by Sunday and there is presently due the amount of $365,316.04 which continues to accrue interest from August 27, 2012 until the Judgment is satisfied.

44. Upon information and belief, on or around January 26, 2012, Sunday conveyed or caused to be converted the aforementioned assets of Sunday to AskSunday, a company organized by Samudrala on January 26, 2012.

45. Upon information and belief, the aforementioned conveyances and transfer by Sunday of all their right title and interest in Sunday was made without any consideration therefor and with the intent on the part of Defendants to hinder, delay and defraud Knoah of its just claim against Sunday.

46. Upon information and belief, at the time of the transfer, Sunday was insolvent or was rendered insolvent as a result of the transfer.

47. At the time of the transfer, Sunday was a defendant in the Nevada Action, which was an action for money damages.

48. Upon information and belief, Sunday, by the aforesaid conveyances and transfers of all its right, title and interest in Sunday, retained no capital with which to meet its obligations and especially the Judgment.

49. As a result of the foregoing, Knoah was damaged in the sum of $365,316.04, plus interest from August 27, 2012 and attorneys' fees.

### AS AND FOR A SECOND CLAIM FOR RELIEF
### (Fraudulent Conveyance Against AskSunday
### Pursuant to N.Y. Debt. & Cred. Law § 276 and § 276-a)

50. Knoah repeats and realleges each and every allegation contained in paragraph "1" through "49" of this Complaint as though fully set forth herein.

51. Upon information and belief the aforesaid conveyances and transfers by Sunday of all of their right, title and interest in Sunday was made with the intent on the part of Defendants to hinder, delay and defraud Knoah of recovery of its just claim against Sunday.

52. As a result of the foregoing, Knoah was damaged in the sum of $365,316.04, plus interest from August 27, 2012, and is entitled to recovery the attorneys' fees incurred in the prosecution of this action and punitive damages.

### AS AND FOR A THIRD CLAIM FOR RELIEF
### (Aiding and Abetting Fraudulent Transfer Against Samudrala)

53. Knoah repeats and realleges each and every allegation contained in paragraph "1" through "52" of this Complaint as though fully set forth herein.

54. Upon information and belief, Samudrala caused and orchestrated the transfer of assets from Sunday to AskSunday, while at the same time refusing to cooperate

with his counsel in the Nevada Action, to protect his interest in the business and avoid paying the obligations owed to Knoah by Sunday.

55. Samudrala substantially assisted the fraudulent conveyance of assets from Sunday to AskSunday.

56. As a result of the foregoing, Knoah was damaged in the sum of $365,316.04, plus interest from August 27, 2012, and is entitled to recovery the attorneys' fees incurred in the prosecution of this action and punitive damages.

### AS AND FOR A FOURTH CLAIM FOR RELIEF
(Piercing the Corporate Veil/Alter Ego against Defendants)

57. Knoah repeats and realleges each and every allegation contained in paragraph "1" through "56" of this Complaint as though fully set forth herein.

58. In connection with create AskSunday for the sole purpose of avoiding payment of Sunday's obligations to Knoah, and in connection with orchestrating the transfer of substantially all of the assets of Sunday to AskSunday, which was made without consideration and was made to avoid payment of the debt due and owing the Knoah and the expected judgment that would be rendered in the Nevada Action against Sunday, Samudrala and AskSunday exercise complete control and domination over Sunday.

59. Upon information and belief, Sunday and AskSunday share customer lists, employees, general business operations, and a website, such that there was no independence between the operations of Sunday and AskSunday.

60. Upon information and belief, Sunday is the alter ego and/or mere instrumentality of Samudrala and AskSunday.

61.   AskSunday is responsible for the debts of Sunday, including for the Judgment.

62.   As a result of the foregoing, Knoah was damaged in the sum of $365,316.04, plus interest from August 27, 2012, and is entitled to recovery the attorneys' fees incurred in the prosecution of this action and punitive damages.

### AS AND FOR A FIFTH CLAIM FOR RELIEF
### (Successor Liability Against AskSunday)

63.   Knoah repeats and realleges each and every allegation contained in paragraph "1" through "62" of this Complaint as though fully set forth herein.

64.   AskSunday merely continues Sunday's former business with the benefit of Sunday's website, prior business assets, clients, client lists, client documents, professional staff and goodwill.

65.   Upon information and belief, AskSunday is the mere continuation of the business Sunday, and Sunday and its principals retained control of the assets and operations that it allegedly transferred to AskSunday such that Sunday dominated the operations of AskSunday.

66.   Sunday now does business as AskSunday in a fraudulent attempt to escape the obligations to Knoah pursuant to the MSA, under which Knoah fully performed.

67.   Therefore, all of the debts, obligations, and liabilities of Sunday, including its obligations and liabilities under the MSA, are now the debts, obligations, and liabilities of AskSunday.

68. Based on the Judgment in favor of Knoah and against Sunday, Sunday was found to be liable to Knoah in the amount of $365,316.04 which continues to accrue interest from August 27, 2012 until the Judgment is satisfied.

69. Because AskSunday is a successor of Sunday, it is liable to Knoah for the Judgment.

70. As a result of the foregoing, Knoah is entitled to a Judgment against AskSunday in the sum of $365,316.04, plus interest from August 27, 2012, and is entitled to recovery the attorneys' fees incurred in the prosecution of this action.

**WHEREFORE**, plaintiff KNOAH SOLUTIONS, INC. demands Judgment as follows:

A. On the First Claim of Relief, against defendant ASKSUNDAY LLC in the sum of $365,316.04, plus interest from August 27, 2012 and attorneys' fees;

B. On the Second Claim of Relief, against defendant ASKSUNDAY LLC in the sum of $365,316.04, plus interest from August 27, 2012 and attorneys' fees and punitive damages in an amount to be determined by the Court;

C. On the Third Claim of Relief, against defendant AVINASH G. SAMUDRALA in the sum of $365,316.04, plus interest from August 27, 2012 and attorneys' fees and punitive damages in an amount to be determined by the Court;

D. On the Fourth Claim of Relief, against defendants ASKSUNDAY LLC and AVINASH G. SAMUDRALA in the sum of $365,316.04, plus interest from August

27, 2012 and attorneys' fees and punitive damages in an amount to be determined by the Court;

    E.  On the Fifth Claim of Relief, against defendant ASKSUNDAY LLC in the sum of $365,316.04, plus interest from August 27, 2012 and attorneys' fees; and

    F.  That the aforementioned conveyances and transfers by Sunday to defendant ASKSUNDAY LLC be adjudged and declared fraudulent and void and a nullity as to plaintiff herein, that this Court declare invalid any assignment of assets from Sunday to defendant ASKSUNDAY LLC, that this Court restore the assets improperly transferred; and that this Court award plaintiff the costs and disbursements of this action, together with such other and further relief as this Court deems just and proper.

Dated: New York, New York  
    October 5, 2012

          Yours, etc.

          JAFFE & ASHER LLP

          By: _____  
            Marshall T. Potashner, Esq.  
          Attorneys for Plaintiff  
          KNOAH SOLUTIONS, INC.  
          600 Third Avenue  
          New York, New York 10016  
          (212) 687-3000