UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KNOAH SOLUTIONS, INC.,

      Plaintiff,

 -against-

ASKSUNDAY LLC and
AVINASH G. SAMUDRALA,

      Defendant.
------------------------------------------------------------------X

Civil Action No.
12-CV-7608 (NRB)(AJP)

# MEMORANDUM OF LAW ON BEHALF OF DEFENDANT

# AVINASH G. SAMUDRALA IN OPPOSITION TO PLAINTIFF'S

# ORDER TO SHOW CAUSE FOR AN ATTACHMENT

MICHAEL MANTELL, ESQ.
*Attorney for Defendant Avinash G. Samudrala*
60 East 42nd Street, Suite 1638
New York, NY 10165
(212) 750-3896 (T) (212) 768-2766 (fax)

## INTRODUCTION

This brief is submitted on behalf of the individual named defendant Avinash G. Samudrala in opposition to plaintiff's order to show cause for an attachment.

The facts alleged by the plaintiff in support of its order to show cause are wrong. There was no fraudulent transfer. The transfer of assets from Sunday LLC to Asksunday LLC was for consideration; Mr. Samudrala is not, and has not been, a principal of the transferee.

The Court is respectfully referred to the declaration of Avinash G. Samudrala in opposition.

## ARGUMENT

The plaintiff's brief cites many reported decisions, but the one that is most important to this case is the decision cited on Page 15, viz., Ally Bank v. Reimer, 2010 WL 446025 (E.D.N.Y. 2010). In Ally Bank cites all three sections of the New York Debtor and Creditor Law, i.e., §§ 273, 275 and 276. It is also a ruling on an application for an attachment.

This case says:

> To establish likelihood of success on its DCL § 276 claim, plaintiff must show that the conveyance was made with actual intent to hinder, delay, or defraud creditors. "Actual intent need not be proven by direct evidence, but may be inferred from the circumstances surrounding the allegedly fraudulent transfer." *Capital Distrib. Servs.*, 440 F.Supp.2d at 203 (citing *Steinberg v. Levine*, 6 A.D.3d 620, 774 N.Y.S.2d 810 (2d Dep't 2004)).
>
> Since "[f]raudulent intent is rarely susceptible to direct proof," *In re Kaiser*, 722 F.2d 1574, 1582 (2d Cir.1983), plaintiffs "often seek to prove intent to defraud circumstantially by proof of certain 'objective facts'—'badges of fraud'—that give rise to an inference of intent to defraud." *Lippe v. Bairnco Corp.*, 249 F.Supp.2d 357, 374–75 (S.D.N.Y.2003) (citing *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 540–41, 114 S.Ct. 1757, 128 L.Ed.2d 556 (1994)). In cases involving a purported fraudulent transfer, the "badges of fraud" include evidence such as "1) gross inadequacy of consideration; 2) a close relationship between transferor and transferee; 3) the transferor's insolvency as a result of the conveyance; 4) a questionable transfer not in the ordinary course of business; 5) secrecy in the transfer; and 6) retention of control of the property by the transferor after the conveyance." *Lippe*, 249 F.Supp.2d at 375 (citations omitted). Another indicator of possible fraud is "the general chronology of the events and transactions under inquiry." *Mazzeo*, 306 F.Supp.2d at 312 (citing *In re Kaiser*, 722 F.2d

at 1582–83 (additional citations omitted)). Ally Bank v. Reimer L 446025, 5 -6 (E.D.N.Y., 2010)

In this case none of the said six factors are present.

## CONCLUSION

The application for relief against defendant Avinash G. Samudrala is completely without foundation and therefore should be denied.

Dated: November 7, 2012

Respectfully submitted,

_____
MICHAEL MANTELL
*Attorney for Defendant*
*Avinash G. Samudrala*