UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

KNOAH SOLUTIONS, INC.,

                Plaintiff,

   -against-

ASKSUNDAY LLC and
AVINASH G. SAMUDRALA,

                Defendants.

-------------------------------------------------------------------x

Civil Action No.
12-CV-7608 (NRB)(AJP)

# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ATTACHMENT AND TEMPORARY RESTRAINING ORDER

JAFFE & ASHER LLP
600 Third Avenue, Ninth Floor
New York, New York 10016
(212) 687-3000

Attorneys for Plaintiff KNOAH SOLUTIONS, INC.

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................ 1

THE FACTS ...................................................................................... 2

ARGUMENT ..................................................................................... 2

POINT I    PLAINTIFF IS ENTITLED TO AN ORDER OF ATTACHMENT ............. 2

    A.    GROUNDS UNDER C.P.L.R. 6201(3) ..................................... 4
    B.    GROUNDS UNDER C.P.L.R. 6201(1) ..................................... 6

POINT II   KNOAH IS ENTITLED TO A TEMPORARY RESTRAINING
            ORDER PENDING ISSUANCE OF AN ORDER OF ATTACHMENT ....... 7

    A.    KNOAH IS LIKELY TO SUCCEED ON THE MERITS FOR
       FRAUDULENT CONVEYANCE ............................................... 8

    B.    KNOAH IS LIKELY TO SUCCEED ON THE MERITS FOR
       PIERCING THE CORPORATE VEIL RESULTING FROM
       ALTER EGO LIABILITY AGAINST DEFENDANTS .................................. 13

    C.    KNOAH IS LIKELY TO SUCCEED ON THE MERITS FOR
       SUCCESSOR LIABILITY AGAINST DEFENDANT ASKSUNDAY ............. 14

    D.    KNOAH WILL SUFFER IRREPARABLE HARM IF TEMPORARY
       RESTRAINING ORDER IS NOT GRANTED ........................................... 15

    E.    BALANCE OF EQUITIES WEIGHS DECIDEDLY IN KNOAH'S
    FAVOR ............................................................................ 16

CONCLUSION .................................................................................. 18

Encore Credit Corp. v. LaMattina
    2006 WL 148909 (E.D.N.Y. 2006) ............................................................ 16

In re Feit & Drexler, Inc.
    42 B.R. 355 (S.D.N.Y. 1984) aff'd, 760 F.2d 406 (2d Cir. 1985) ............... 16

Fusco Group, Inc. v. Loss Consultants International, Inc.
    462 F.Supp.2d 321 (N.D.N.Y. 2006) ........................................................ 15

Glotzer v. Glotzer
    111 Misc.2d 171, 443 N.Y.S.2d 812 (1981) ................................................ 4

Jackson Hewitt Inc. v. Adams
    22 Misc.3d 1126(A), 2009 WL 445095 (Sup. Ct., N.Y. 2009) ..................... 8

Javaraj v. Scappini
    66 F.3d 36 (2d Cir.1995) .......................................................................... 15

MAG Portfolio Consult. GMBH v. Merlin Biomed Group. LLC
    268 F.3d 58 (2d Cir. 2001) ...................................................................... 13

Mars Electronics of N.Y., Inc. v. U.S.A. Direct, Inc.
    28 F. Supp. 2d 91 (E.D.N.Y. 1998) ......................................................... 13

Mishcon de Reya New York LLP v. Grail Semiconductor, Inc.
    2011 WL 6957595 (S.D.N.Y. Dec. 28, 2011) ............................................. 3

Monteleone v. The Leverage Group
    2008 WL 4541124 (E.D.N.Y. Oct. 7, 2008) ............................................... 3

Morgenthau v. A.J. Travis Ltd.
    184 Misc. 2d 835, 708 N.Y.S.2d 827 (Sup. Ct. 2000) ............................... 11

Osrecovery, Inc. v. One Groupe Int'l, Inc.
    305 F.Supp.2d 340 (S.D.N.Y. 2004) ..................................................... 6, 10

Quantum Corporate Funding, Ltd. v. Assist You Home Health
    Care Services of Virginia LLC
    144 F. Supp. 2d 241 (S.D.N.Y. 2001) ...................................................... 17

Resolution Trust Corp. v. Elman
    949 F.2d 624 (2d Cir.1991) ....................................................................... 7

Schmitt v. Morgan
    98 A.D.2d 934, 471 N.Y.S.2d 365 (3d Dep't 1983)....................................9

Shelly v. Doe
    249 A.D.2d 756, 671 N.Y.S.2d 803 (3d Dep't 1998)................................11

State of New York v. National Service Industries, Inc.
    380 F. Supp. 2d 122 (E.D.N.Y. 2005).........................................................15

Sweeney v. Bane
    996 F.2d 1384 (2d Cir.1993).......................................................................7

U.S. Bancorp Equipment Finance, Inc. v. Rubashkin
    30 Misc.3d 1216(A), 2011 WL 293716
    (Sup. Ct., Kings Cnty. Jan. 31, 2011)...................................................8, 4, 13

Unitech USA, Inc. v. Ponsoldt
    91 A.D.2d 903, 457 N.Y.S.2d 526 (1st Dep't 1983) ...................................6

United Parcel Service Inc. v. Jay Norris Corp.
    102 Misc.2d 231, 423 N.Y.S.2d 125 (Sup. Ct., Nassau Cnty. 1979).............4

Wall St. Assocs. v. Brodsky
    257 A.D.2d 526, 684 N.Y.S.2d 244 (1st Dep't 1999) ..........................9, 11

Warner Vision Entertainment v. Empire of Carolina, Inc.
    101 F.3d 259 (2d Cir. 1996).....................................................................15

## Statutes

C.P.L.R. § 6201(1) ......................................................................1, 3, 4, 6
C.P.L.R. § 6201(3) ............................................................................4, 6
C.P.L.R. § 6210.........................................................................1, 7, 8
C.P.L.R. § 6212(a).............................................................................3
C.P.L.R. § 6214.................................................................................8
C.P.L.R. § 6301...............................................................................16

Fed. R. Civ. P. 64 ..............................................................................1
Fed. R. Civ. P. 64(b) ..........................................................................3
Fed. R. Civ. P. 65 ..............................................................................8

Fed. R. Civ. P. 65(b) ...................................................................... 1

N.Y. Debt. & Cred. Law § 273 ..................................................... 9
N.Y. Debt. & Cred. Law § 273-a.................................................... 9
N.Y. Debt. & Cred. Law § 276 ................................................ 10, 12

## PRELIMINARY STATEMENT

Plaintiff Knoah Solutions, Inc. ("Knoah"), submits this Memorandum of Law in support of its motion for an order as follows:

(a)     Granting Knoah an Order of Attachment, pursuant to Fed. R. Civ. P. 64 and C.P.L.R. § 6201(1) and (3), directing the Sheriff of any county of the City of New York to levy upon such money, property, or other assets in which the defendants ASKSUNDAY LLC ("AskSunday") and AVINASH G. SAMUDRALA ("Samudrala") (collectively, the "Defendants") have an interest up to the amount of $365,316.04 plus interest from August 27, 2012; and

(b)     Granting Knoah a temporary restraining order pursuant to Fed. R. Civ. P. 64 & 65(b) and C.P.L.R. § 6210 enjoining and restraining Defendants, their officers, employees, agents, garnishees and any and all other persons acting in concert with them, from spending, transferring, dissipating or otherwise disposing of the amount of the attachment, $365,316.04, plus interest from August 27, 2012.

This is an action to set aside the fraudulent conveyance to AskSunday of all of the assets and good will of Sunday LLC ("Sunday"), AskSunday's predecessor.  The fraudulent conveyance was perpetrated in order to frustrate Knoah's ability to execute upon a $365,316.04 judgment (the "Judgment") that was obtained against Sunday by Knoah. The fraudulent conveyance should be set aside, and the corporate veil should be pierced as

1

to AskSunday and its principal, Samudrala, so that Knoah can collect the Judgment from the Defendants.

From the accompanying Declaration of Ralph Barletta ("Barletta Decl.") and the facts set forth therein, it is apparent that Sunday and AskSunday are one and the same entity, and that Defendants have caused the Judgment against Sunday to be uncollectible while they continue to operate Sunday under the mere guise of a new corporate entity.

Unless an order of attachment is entered and the Defendants and their garnishees are restrained and enjoined from transferring any assets belonging to the Defendants up to the amount of the Judgment, there is a serious risk that the Defendants will cause the assets of AskSunday to be transferred and/or dissipated in the same manner as the assets of Sunday were fraudulently conveyed.

### THE FACTS

The facts are set forth in the complaint, as well as in the accompanying Barletta Decl., sworn to on October 1, 2012, and Affirmation of Marshall T. Potashner dated October 12, 2012 ("Potashner Aff."). Knoah respectfully refers the Court to the aforesaid documents for a full and complete recitation of the relevant facts.

### ARGUMENT

### POINT I
### PLAINTIFF IS ENTITLED TO AN ORDER OF ATTACHMENT

Attachment is a provisional remedy having as its object the securing of a debt in the form of a money judgment by preliminary levy upon property of a defendant to conserve

2

it for eventual execution. Elton Leather Corp. v. First General Resources Co., 138 A.D.2d 132, 134-35, 529 N.Y.S.2d 769. 770-71 (1st Dep't 1988); Monteleone v. The Leverage Group, 2008 WL 4541124, *6 (E.D.N.Y. Oct. 7, 2008). Rule 64 of the Federal Rules of Civil Procedure dictates that state law governs the availability of the provisional remedy of attachment in this Court. Fed.R.Civ.P. 64(b) (specifically including attachment as an available remedy covered by Rule 64); Mishcon de Reya New York LLP v. Grail Semiconductor, Inc., 2011 WL 6957595 at *3 (S.D.N.Y. Dec. 28, 2011). Accordingly, this Court looks to New York law of attachment in the case at bar. In pertinent part, Section 6201 of the Civil Practice Law and Rules provides:

> **6201. Grounds for attachment**
> An order of attachment may be granted in any action, except a matrimonial action, where the plaintiff has demanded and would be entitled, in whole or in part, or in the alternative, to a money judgment against one or more defendants, when:
>
> 1.     The defendant is a nondomiciliary residing without the state, or is a foreign corporation not qualified to do business in the state; or ...
>
>   3. The defendant, with intent to defraud his creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff's favor, has assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts; or ... "
> (Emphasis added)

3

Pursuant to C.P.L.R. § 6212(a), attachment may be granted upon a showing that: "it is probable that the plaintiff will succeed on the merits, that one or more grounds for attachment provided in section 6201 exist, and that the amount demanded from the defendant exceeds all counterclaims known to the plaintiff." U.S. Bancorp Equipment Finance, Inc. v. Rubashkin, 30 Misc.3d 1216(A), 2011 WL 293716, *12 (Sup. Ct., Kings Cnty. Jan. 31, 2011); JSC Foreign Economic Ass'n Technostroyexport v. Int'l Development and Trade Services, Inc., 306 F.Supp.2d 482, 485 (S.D.N.Y. 2004).[1]

In this case, the supporting Affirmation and Declaration to plaintiff's application and exhibits thereto, as well as the allegations of the Complaint clearly establish that grounds for an attachment exist under C.P.L.R. §§ 6201(1) and 6201(3).

## A.    GROUNDS UNDER C.P.L.R. 6201(3)

The intent to frustrate the enforcement of a judgment that might be rendered or intent to defraud a creditor need not be express, but may be inferred from circumstantial evidence. See Glotzer v. Glotzer, 111 Misc.2d 171, 443 N.Y.S.2d 812 (1981); United Parcel Service Inc. v. Jay Norris Corp., 102 Misc.2d 231, 233, 423 N.Y.S.2d 125 (Sup. Ct., Nassau Cnty. 1979). Such circumstances may include, as here, a fraudulent conveyance. See e.g., Glotzer, 443 N.Y.S.2d at 814-15 ("[a]n attachment is warranted, when the debtor, with intent to defraud his creditors or frustrate the enforcement of a

---

[1]. In determining whether there is a likelihood of success on the merits, all legitimate inferences should be drawn in favor of the party seeking the attachment. JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Development and Trade Services, Inc., 306 F.Supp.2d at 485; Bank Leumi Trust Co. of New York v. Istim, Inc., 892 F.Supp. 478, 482 (S.D.N.Y. 1995).

4

judgment that might be rendered in plaintiff's favor has assigned, transferred, or secreted his property"). Conduct may also include creating a shell company to avoid liability. JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Services, Inc., 306 F. Supp. 2d 482, 485 (S.D.N.Y. 2004).

In the case at bar, Defendant Samudrala formed AskSunday on January 26, 2012 and proceeded to transfer all of Sunday's assets and good will to AskSunday on or around that day. At that time, litigation for breach of contract brought by Knoah against Sunday was pending in the District Court of Nevada, Clark County ("Nevada Action"). Knowing full well that Sunday had no viable defense to Knoah's claims, Samudrala, as principal of Sunday, abandoned the defense, refused to communicate with Sunday's counsel, caused counsel to withdraw, refused to retain new counsel, and allowed a default to be entered against Sunday.

Samudrala transparently transferred all of Sunday's business and assets to AskSunday and denuded Sunday of any and all ability to satisfy the inevitable judgment in favor of Knoah. The result was that Sunday received no consideration and AskSunday began operating the exact same business with the exact same website, email addresses, good will, and clientele as Sunday. In short, there was no other purpose for the transfer except to frustrate and avoid enforcement of the Judgment.   Barletta Aff. ¶ 30.

It is evident that Sunday and AskSunday mere continuations of each other. Sunday and AskSunday are both internet-based businesses created for the purpose of providing remote personal assistance to busy professionals, both operate the same website as their

5

main source of client interaction, and both have an identical pricing structure and provide identical services. Barletta Decl. ¶¶ 6-7. At the time Samudrala created AskSunday, Sunday stopped operations and no longer had a website. Barletta Decl. ¶¶ 22, 28, 29. The accolades on AskSunday's website are exactly the same as those on Sunday's website, including awards presented to Sunday in 2007, five years before the creation of AskSunday. Barletta Decl. ¶¶ 25-29.

Based on Defendants' fraudulent conveyance of assets from Sunday to AskSunday and the creation of AskSunday by Defendants to avoid the Judgment sufficient grounds for an attachment exist pursuant to C.P.L.R. § 6201(3).

**B.    GROUNDS UNDER C.P.L.R. 6201(1)**

C.P.L.R. § 6201(1) states that an order of attachment is to be granted where the defendant "is a foreign corporation not qualified to do business in the state." Numerous courts have granted orders of attachment where the defendant is not a New York corporation and is not qualified to do business in New York. See e.g., Osrecovery, Inc. v. One Groupe Int'l, Inc., 305 F.Supp.2d 340, 348 (S.D.N.Y. 2004); Elton Leather Corp. v. First General Resources Co., 138 A.D.2d 132, 136-37; Unitech USA, Inc. v. Ponsoldt, 91 A.D.2d 903, 904, 457 N.Y.S.2d 526 (1st Dep't 1983).

Plaintiff's counsel, Marshall T. Potasher, searched the New York Department of State, Division of Corporations' website and did not find any registration for Sunday or AskSunday in New York State. Potashner Aff. ¶ 3. He did, however, find that both Sunday and AskSunday were registered to do business in the state of Delaware, per the

Delaware Department of State, Division of Corporations.  Potashner Aff. ¶ 4.  As such,

AskSunday is a foreign corporation not qualified to do business in New York.

Accordingly, additional grounds exist for an order of attachment under C.P.L.R. §

6201(1).

## POINT II

## KNOAH IS ENTITLED TO A TEMPORARY RESTRAINING ORDER PENDING ISSUANCE OF AN ORDER OF ATTACHMENT

Rule 65 of the Federal Rules of Civil Procedure reads in relevant part:

> [a] temporary restraining order may be granted without written or oral
> notice to the adverse party if ... it clearly appears from specific facts shown
> by affidavit or by the verified complaint that immediate and irreparable
> injury, loss, or damage will result to the applicant before the adverse party or
> that party's attorney can be heard in opposition.

In order to prevail on a motion for a temporary restraining order, the moving party

must demonstrate the following: (1) irreparable harm should the relief be denied; and (2)

either: (a) a likelihood of success on the merits, or (b) sufficiently serious questions going

to the merits to make them a fair ground for litigation and a balance of hardships tipping

decidedly in the moving party's favor.  Dean v. Abrams, 1994 WL 202717 (S.D.N.Y.

May 20, 1994); Sweeney v. Bane, 996 F.2d 1384, 1388 (2d Cir.1993); Castrol, Inc.

v. Quaker State Corp., 977 F.2d 57, 62 (2d Cir.1992); Resolution Trust Corp. v.

Elman, 949 F.2d 624, 626 (2d Cir.1991).

C.P.L.R. § 6210 states as follows:  "Upon a motion on notice for an order of

attachment, the court may, without notice to the defendant, grant a temporary restraining

7

order prohibiting the transfer of assets by a garnishee as provided in subdivision (b) of section 6214" (which blocks assets in the hands of garnishees).  In order to prevent Defendants from further frustrating Knoah's ability to collect the Judgment, Knoah hereby moves for a temporary restraining order.

Pursuant to Fed. R. Civ. P. 65 and C.P.L.R. § 6210, the court is empowered to issue a temporary restraining order prohibiting Defendants from transferring or disposing of any assets up to the amount of $365,316.04, plus interest from August 27, 2012, while at the same time issuing an order for attachment.  See U.S. Bancorp Equipment Finance, Inc. v. Rubashkin, 30 Misc.3d 1216(A), 2011 WL 293716, at *13 (attachment with temporary restraining order granted where risk of fraudulent conveyances were demonstrated); Jackson Hewitt Inc. v. Adams, 22 Misc.3d 1126(A), 2009 WL 445095, *7 (Sup. Ct., N.Y. 2009) (granting temporary restraining order to maintain status quo until specific property can be identified for attachment).  As set forth below, given the Defendants' conduct, the only means of ensuring that Knoah will be able to collect from a solvent entity rather than a denuded insolvent one, is for this Court to issue a temporary restraining order against Defendants.

## A.    KNOAH IS LIKELY TO SUCCEED ON THE MERITS FOR FRAUDULENT CONVEYANCE

Here, as set forth more fully below, Knoah has a likelihood of success on the merits of its claims.  Pursuant to the N.Y. Debt. & Cred. Law, Defendants' transfers are

8

fraudulent conveyances that constitute both constructive fraud pursuant to § 273 and

§273-a and actual fraud pursuant to § 276.

### 1.   Constructive Fraud Under N.Y. Debt. & Cred. Law §§ 273 & 273-a Against AskSunday

§273 of the N.Y. Debt. & Cred. Law states:

> Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration.

There are two elements of a constructive fraud claim under § 273, including: (1)

the conveyance was made without fair consideration; and (2) the transferor rendered

insolvent by the conveyance.  See Wall St. Assocs. v. Brodsky, 257 A.D.2d 526, 528,

684 N.Y.S.2d 244, 247 (1st Dep't 1999) (finding that conveyance of questionable

consideration occurred and that insolvency element was sufficiently plead in complaint

alleging that defendants were judgment proof); Schmitt v. Morgan, 98 A.D.2d 934, 935,

471 N.Y.S.2d 365, 366-67 (3d Dep't 1983) (under N.Y. Debtor and Creditor Law,

any transfer made by insolvent debtor for less than fair consideration is fraud as against

creditors without regard to actual intent of transferee.  Both elements exist in the case at

bar for all of the reasons set forth in Section I(A) of this memorandum, and it is the

Defendants who have the burden of proving solvency.  City of New York v. Maricopa

Prods., Inc., 1999 WL 1042313 at *4 (Sup. Ct. N.Y. 1999) (citation omitted).

Thus, a prima facie case is made against Defendants for fraudulent conveyance pursuant to § 273.

Yet another ground for setting aside the transfer from Sunday to AskSunday exists under § 273-a of the N.Y. Debt. & Cred. Law, which states:

> Every conveyance made without fair consideration when the person making it is a defendant in an action for money damages or a judgment in such an action has been docketed against him, is fraudulent as to the plaintiff in that action without regard to the actual intent of the defendant if, after final judgment for the plaintiff, the defendant fails to satisfy the judgment.

Here, not only did the Defendants transfer all of Sunday's assets to AskSunday without consideration, but they also stripped Sunday of assets while litigation seeking monetary relief was pending against Sunday in the Nevada Action. See Barletta Decl. ¶¶ 10-19. After judgment was entered against Sunday and in favor of Knoah, Sunday failed to satisfy the judgment. Barletta Decl. ¶ 3. Therefore, Knoah is also likely to succeed on the merits against Defendants under § 273-a of the N.Y. Debt. & Cred. Law.

## 2.   Actual Fraud Under N.Y. Debt. & Cred. Law § 276 Against AskSunday

Section 276 of the N.Y. Debt. & Cred. Law states:

> Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors.

In cases involving an allegation that a conveyance of property was made with the intent to hinder, delay or defraud current or prospective creditors, the plaintiff is allowed

10

to rely on "badges of fraud" because of the difficulty of proving "actual" intent other than by circumstantial evidence.  Wall St. Assocs., 257 A.D.2d at 529, 684 N.Y.S.2d at 247-48 (stating that one may rely upon badges of fraud which are circumstances so commonly associated with fraudulent transfers that their presence gives rise to an inference of intent) (citations omitted)). See also Shelly v. Doe, 249 A.D.2d 756, 671 N.Y.S.2d 803 (3d Dep't 1998) ("direct proof of actual intent [to defraud] is rare, [and] creditors may rely on "badges of proof to establish an inference of fraudulent intent"). These badges of fraud -- all of which are present in the instant case -- include a close relationship between the parties to the alleged fraudulent transaction, inadequacy of consideration, a questionable transfer not in the usual course of business, the transferor's knowledge of the creditor's claim and the inability to pay such claim and retention of control of the property by the transferor after the conveyance. See Morgenthau v. A.J. Travis Ltd., 184 Misc. 2d 835, 708 N.Y.S.2d 827 (Sup. Ct. 2000).

With regard to the specific badges of fraud listed above, it appears that all indicia of fraud are present:

(1) there is a close relationship between the parties to the alleged fraudulent transaction, as Defendant Samudrala is the principal of both Sunday and its successor Defendant AskSunday and is the one who created AskSunday to avoid payment of obligations to Knoah;

(2) there is inadequacy of consideration because there was absolutely no consideration given for Defendants' fraudulent transfers;

11

(3) these are questionable transfers not in the usual course of business because they were done mid-litigation against Sunday, and left Sunday insolvent;

(4) Defendants had knowledge of Knoah's claim in the Nevada Action and had filed papers in the Nevada Action, and, after refusing to respond to discovery, respond to motions to strike, and refusing to obtain new counsel after being required to do so by the court, allowed a default judgment to be entered against Sunday; and

(5) Defendants retain of control of the property interest conveyed to Defendants because Sunday's main asset, it's website, was transferred virtually verbatim from Sunday to Defendant AskSunday and the business continued to operate from the same offices using the same e-mail address.  Barletta Decl. ¶¶ 24, 12-19, 25-29.

Therefore, the presumption of Defendants' conveyances, together with the presence of the badges of fraud, give rise to Plaintiff's prima facie case of actual fraud pursuant to N.Y. Debt. & Cred. Law § 276.

### 3.    Aiding and Abetting Fraudulent Conveyance Against Samudrala

Under New York law, the elements for aiding and abetting a fraudulent conveyance are: "(1) the existence of a violation by the primary wrongdoer; (2) knowledge of the violation by the aider and abettor; and (3) proof that the aider and abettor substantially assisted the primary wrongdoer." Chemtex, LLC v. St. Anthony's Enterprises, Inc., 490 F. Supp. 536, 545 (E.D.N.Y. 2007); U.S. Bankcorp Equipment Finance, Inc. v. Rubashkin, et al., 30 Misc. 3d 1216(A), 2011 WL 293716 at *8 (N.Y.Sup.).

12

Here, Defendant Samudrala transferred all of Sunday's assets to Defendant AskSunday when he, as principal of both companies, created AskSunday on January 26, 2012. Barletta Decl. ¶ 20. Defendant Samudrala knew and actively participated in the transfer, as Sunday's principal, solely to avoid Sunday's having to pay a debt owing to plaintiff Knoah. Therefore, Knoah is likely to succeed on the merits of its claims for aiding and abetting a fraudulent conveyance.

**B.    KNOAH IS LIKELY TO SUCCEED ON THE MERITS FOR PIERCING THE CORPORATE VEIL RESULTING FROM ALTER EGO LIABILITY AGAINST DEFENDANTS**

New York law permits a court to pierce the corporate veil where: "1) the owner exercised complete domination over the corporation with respect to the transaction at issue, and 2) such domination was used to commit a fraud or wrong that injured the party seeking to pierce the veil." MAG Portfolio Consult. GMBH v. Merlin Biomed Group. LLC, 268 F.3d 58, 63 (2d Cir. 2001) (emphases added) (quoting Am. Fuel Corp. v. Utah Energy Dev. Co., 122 F.3d 130, 134 (2d Cir. 1997)); Care Environmental Corp. v. M2 Technologies, Inc., No. CV-05-1600 (CPS), 2006 WL 148913, at * 12 (E.D.N.Y. 2006). See also Mars Electronics of N.Y., Inc. v. U.S.A. Direct, Inc., 28 F. Supp. 2d 91, 97 (E.D.N.Y. 1998).

Here, it is apparent that Sunday and AskSunday are nearly identical companies, both owned and completely controlled and dominated by Defendant Samudrala. As discussed in Section I(A) of this memorandum, Knoah will be able to pierce AskSunday's corporate veil.

13

Moreover, Defendant Samudrala transferred assets from Sunday to Defendant AskSunday solely for the purpose of avoiding paying the past due invoices to Knoah. The uncanny timing of the creation of AskSunday and the transfer of assets from Sunday to AskSunday clearly shows Defendants' intent to defraud Knoah. Rather than respond to Knoah's discovery requests in the Nevada Action, Defendant Samudrala created Defendant AskSunday, transferred all of Sunday's assets to AskSunday and then caused its counsel to withdraw, failed to obtain new counsel as required by the court, and allowed default judgment to be entered against Sunday for failure to litigate the claims against it.

Because of Defendants' egregious acts in fraudulently conveying assets to avoid payment of a debt, there is a very high likelihood that this Court will pierce the corporate veil.

## C.   KNOAH IS LIKELY TO SUCCEED ON THE MERITS FOR SUCCESSOR LIABILITY AGAINST DEFENDANT ASKSUNDAY

Under New York law, a corporation acquiring the assets of another will be liable for the obligations of the successor corporation, where: (1) the successor expressly or impliedly assumed the liability; (2) there was a de facto merger of the success and predecessor; (3) the successor was a "mere continuation" of the predecessor; or (4) the transaction was fraudulent. See State of New York v. National Service Industries, Inc., 380 F. Supp. 2d 122, 128 (E.D.N.Y. 2005).

Here, based on the facts mentioned above, AskSunday is clearly a mere continuation of Sunday. It is apparent from the Website that Sunday's most important

14

asset continued unaltered from Sunday to AskSunday.  <u>Barletta Decl.</u>  ¶¶ 25-29.

AskSunday can be seen as nothing but a direct continuation of Sunday, and Knoah is

therefore likely to succeed on the merits of its successor liability claim.

## D.   KNOAH WILL SUFFER IRREPARABLE HARM IF TEMPORARY RESTRAINING ORDER IS NOT GRANTED

"The purpose of a preliminary injunction is to prevent irreparable injury and

preserve a court's ability to render a meaningful decision on the merits." <u>Fusco Group,</u>

<u>Inc. v. Loss Consultants International, Inc.</u>, 462 F.Supp.2d 321, 326 ( N.D.N.Y. 2006);

<u>Cartier, Inc. v. Four Star Jewelry Creations, Inc.</u>, 2003 WL 21056809, *6 (S.D.N.Y.

May 8, 2003); <u>Warner Vision Entertainment v. Empire of Carolina, Inc.</u>, 101 F.3d 259,

261-62 (2d Cir. 1996).  Irreparable harm is an "injury for which a monetary award

cannot be adequate compensation." <u>Javaraj v. Scappini</u>, 66 F.3d 36, 39 (2d Cir.1995).

<u>Algonquin Power Corp., Inc. v. Trafalgar Power Inc.</u>, 2000 WL 33963085 at *18

(N.D.N.Y. Nov. 8, 2000)(granting a preliminary injunction and holding that

"demonstration of intent to frustrate a judgment will be found to satisfy the requirement of

a showing of irreparable harm"); <u>Ally Bank v. Reimer</u>, 2010 WL 446025 (E.D.N.Y.

2010)(holding that "a cause of action under [New York's Debtor and Creditor Law] §

276 'may lie even where fair consideration was paid and where the debtor remains

solvent'"); <u>In re Feit & Drexler, Inc.</u>, 42 B.R. 355, 357 (S.D.N.Y. 1984) aff'd, 760

F.2d 406 (2d Cir. 1985)("Under section 6301 of the C.P.L.R., a preliminary injunction

may be granted where the defendant threatens or is about to do an act in violation of

15

plaintiff's rights with regard to the subject of the action that may render the judgment ineffectual.  Although the ultimate relief sought here is a money judgment, which does not normally qualify as the subject of an action, the court has the power to take control of a "subject matter" of an action to set aside a transfer in fraud of creditors, if extrinsic facts, justifying such interference are presented"); Encore Credit Corp. v. LaMattina, 2006 WL 148909, at *5 (E.D.N.Y. 2006)(holding that "[a] preliminary injunction may issue to preserve assets as security for a potential money judgment where the evidence demonstrates that a party intends to frustrate a judgment by making it uncollectible").

As shown above, in the absence of the relief sought herein, Knoah will suffer immediate and irreparable harm if the Defendants' fraudulent conveyances of assets are not enjoined from further disposal or concealment.  Because it is likely that Plaintiff will not be able to collect on any judgment in the Related Action due to Defendants likely transfers of assets without consideration, irreparable injury to Knoah is deemed to occur.

## E.   THE BALANCE OF EQUITIES WEIGHS DECIDEDLY IN KNOAH'S FAVOR

Here, the balance of equities weighs decidedly in favor of Knoah.  As noted above, Knoah will be irreparably harmed if Defendants are not restrained from depleting or dissipating the fund or funds to which Knoah is otherwise entitled, as they have done in the past when Sunday and Samudrala transferred all of Sunday's assets to AskSunday.

Defendants, on the other hand, cannot be heard to complain that they are prejudiced by being restrained from invading and dissipating the very funds that belonged to the Judgment debtor that were transferred without fair consideration for the sole

16

purpose of avoiding the Judgment. "Without an injunction," Plaintiffs "would suffer a hardship" because they are at risk of "not be[ing] paid monies that" that "are justly due and owed" as compensation for the myriad harms Defendants' illegal conduct has caused them. Quantum Corporate Funding, Ltd. v. Assist You Home Health Care Services of Virginia, LLC, 144 F. Supp. 2d 241, 248 (S.D.N.Y. 2001)("balance of hardships also tips decidedly in" Plaintiffs' favor).

Moreover, Defendants would suffer no cognizable prejudice if their assets are frozen. Defendants have no right to use the profits of an illegal enterprise, to either further engage in their unlawful activities or for personal uses. See, e.g., Apple Inc. v. Psystar Corp., 673 F. Supp. 2d 943, 950 (N.D. Cal. 2009) ("Since [defendant] does not (and cannot) claim any legitimate hardships as a result of being enjoined from committing unlawful activities, and Apple would suffer irreparable and immeasurable harms if an injunction were not issued, this factor weighs strongly in favor of Apple's motion"). There would be no material harm to Defendants by having the injunction issue pending final judgment. If, at the end of the day, the Defendants are not found liable for either successor liability or fraudulent conveyance (albeit a highly unlikely scenario), the injunction will be lifted and the remaining assets "unfrozen" for Defendants' use.

Therefore, a temporary restraining order should be granted to prevent Defendants from depleting and dissipating their assets pending the outcome of this action.

17

## **CONCLUSION**

Based upon the foregoing reasons, Knoah's motion for an Order of Attachment and temporary injunctive relief should be granted in its entirety.

Dated: New York, New York
October 12, 2012

Respectfully submitted,

JAFFE & ASHER LLP

By: _____

Gregory Galterio, Esq.
Marshall T. Potashner, Esq.
600 Third Avenue, Ninth Floor
New York, NY 10016
(212) 687-3000
Attorneys for Knoah

18