SDNY Buckwald /D
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/5/2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KNOAH SOLUTIONS, INC.,

            Plaintiff,

-against-

ASKSUNDAY LLC and
AVINASH G. SAMUDRALA,

           Defendants.
------------------------------------------------------------x

Civil Action No.
12 Civ. 7608 (NRB) (AJP)

**STIPULATION AND ORDER
OF SETTLEMENT**

**WHEREAS**, on or about January 19, 2011, plaintiff KNOAH SOLUTIONS, INC. ("Knoah") commenced an action against non-party Sunday LLC ("Sunday") in the District Court of Nevada, Clark County, under Case No. A-11-633519-C, (the "Nevada Action") seeking $191,564.00 in Past Due Invoices and reasonable attorneys' fees and costs for breach of a March 31, 2008, Master Service Agreement ("MSA") and Statement of Work ("SOW") entered into by Knoah and Sunday;

**WHEREAS**, on or about September 27, 2012, District Court Judge Denton for the District of Clark County, Nevada, entered a judgment (the "Judgment") against Sunday in the amount of $288,516.78, together with accrued interest in the amount of $24,067.07, calculated at the legal rate of 5.25% from the time of service of the summons and complaint on January 25, 2011, until September 27, 2012, pursuant to NRS 17.130, with said interest continuing to accrue in the per diem amount of $42.08

until satisfied, together with Knoah's costs in the amount of $2,732.19, and attorney's fees in the amount of $50,050.00;

**WHEREAS**, Knoah commenced the above-captioned action seeking to hold defendant AVINASH G. SAMUDRALA ("Samudrala") personally responsible for the Judgment;

**WHEREAS**, Samudrala represents and warrants that he does not have an ownership or other interest in AskSunday, LLC or the revenue or profits of AskSunday, LLC;

**WHEREAS**, Knoah and Samudrala desire to settle this action and avoid further costs associated with the litigation by entering into this Stipulation and Order of Settlement (the "Stipulation");

**NOW, THEREFORE**, it is stipulated to and agreed and between Knoah and Samudrala as follows:

1. **Settlement Sum.**

   a. In full settlement of the claims in this litigation, Samudrala agrees to pay, and Knoah agrees to accept, the sum of one hundred fifteen thousand and 00/00 ($115,000) dollars (the "Settlement Sum"), payable as follows:

   > i. Samudrala shall pay to Knoah the sum of ninety thousand and 00/00 ($90,000) dollars within ten (10) days after this Stipulation has been "So Ordered" by the Court; and

      ii.    Samudrala shall pay to Knoah the sum of twenty-five thousand and 00/00 ($25,000) dollars within ninety (90) days after this Stipulation has been "So Ordered" by the Court.

  b.    Payments must be made by check payable to "Knoah Solutions, Inc." and shall be delivered to Jaffe & Asher LLP, 600 Third Avenue, New York, New York 10016. A payment shall be deemed made on the date received at the offices of Jaffe & Asher LLP.

  c.    All payments received by Knoah hereunder shall be applied against the Judgment.

2. **Default.**

  a.    In the event Samudrala defaults under any provision of this Stipulation, Samudrala shall have ten (10) days after written notice is facsimiled and sent by regular mail to Samudrala to cure such a default. If written notice is sent to Samudrala for a default based upon a check being returned unsatisfied, an additional $250 administrative payment shall be charged and such administrative payment must be paid with the payment to cure the default.

  b.    In the event of a default by Samudrala of the terms of this Stipulation, subject to the notice and cure provisions stated hereinabove, Knoah, with its principal place of business at 701 N. Green Valley Parkway, Suite 200, Henderson, Nevada 89074, shall have the right, without further notice to Samudrala, to enter judgment against Samudrala, who resides at 303 Greenwich Street, New York, New York 10013, in the amount demanded in the Amended Complaint, minus payments actually

received hereunder as of the date of the default. Judgment may be entered against Samudrala by direct application by Knoah to the Court with an affidavit showing facts that a default without cure has occurred herein.

    c. Samudrala hereby waives all defenses, in law or in equity, they now have or may have in the future, to the claims asserted by Knoah in the above-entitled action, including, but not limited to, the defense of lack of personal jurisdiction.

    3. **Retention of Jurisdiction.** The Court shall retain jurisdiction over this matter until the payment obligations set forth in paragraph 1 of this Stipulation are satisfied. Once full and complete payment is made, and the check(s) clear, the parties agree to cause their respective attorneys to execute and file a Stipulation of Discontinuance with Prejudice in this action.

    4. **Releases.** (a) In consideration of the covenants and promises herein, by separate document, Knoah shall release, remise and forever discharge Samudrala and AskSunday LLC, of and from all claims, complaints, rights, demands, obligations, actions and/or causes of action which against Samudrala and AskSunday, LLC that Knoah now has, has ever had or which may hereafter accrue regarding or arising from the MSW and/or the Judgment, except for the covenants and promises contained in this Stipulation. Such release shall be transmitted by the attorney for Knoah to the attorney for Samudrala at the time of payment referred to in paragraph 1(a)(ii) above.

    (b) In consideration of the covenants and promises herein, by separate document, Samudrala shall release, remise and forever discharge Knoah of and from all claims, complaints, rights, demands, obligations, actions and/or causes of action which

4

against Knoah that Samudrala now has, has ever had or which may hereafter accrue regarding or arising from the MSW and/or the Judgment, except for the covenants and promises contained in this Stipulation. Such release shall be transmitted by the attorney for Samudrala to the attorney for Knoah at the time of payment referred to in paragraph 1(a)(ii) above.

(c) Nothing herein shall be deemed to be deemed a satisfaction or release of the Judgment against Sunday, LLC, except to the extent monies are actually paid hereunder.

5. **Notices**. The notice addresses for Knoah and Samudrala are as follows:

Knoah:                          Jaffe & Asher LLP
                                Attn: Marshall T. Potashner, Esq.
                                600 Third Avenue, 9th Floor
                                New York, New York 10016
                                Fax No. (212) 687-9639

Samudrala:                      Michael Mantell, Esq.
                                60 East 42nd Street, Suite 1638
                                New York, NY 10165
                                Fax No. (212)768-2766

All notices shall be sent by facsimile and regular mail to both of the aforementioned addresses for each party. Failure by any party to receive actual notice shall not invalidate any notice given. A notice address and the address where payments are to be made set forth in paragraph 1(b) may be changed by five (5) business days written notice to the other parties to this Stipulation.

6. **Entire Agreement.** No amendment or waiver of any provision of this Stipulation shall be effective unless the same shall be in writing and signed by each of the parties hereto. This Stipulation constitutes the entire agreement among the parties with respect to the subject matter hereof. There are no other agreements, representations, or warranties among the parties not expressly set forth herein.

7. **Governing Law.** This Stipulation shall be governed and construed in accordance with the laws of the State of New York without regard to conflict of law principles.

8. **Authorization.** The individuals and attorneys signing this Stipulation represent and warrant that he or she is authorized to sign on behalf of the party stated above their signature, and to bind said party to this Stipulation.

9. **Waiver.** No failure on the part of any party hereto to exercise, and no delay in exercising, any right hereunder shall operate as a waiver thereof; nor shall any single or partial exercise of any right hereunder preclude any other or further exercise thereof or the exercise of any other right.

Dated: New York, New York
February 1, 2013

MICHAEL MANTELL, ESQ.
Attorney for Defendant
AVINASH G. SAMUDRALA

By: _____
Michael Mantell, Esq.
60 East 42nd Street, Suite 1638
New York, New York 10165
(212) 750-3896

JAFFE & ASHER LLP
Attorneys for Plaintiff
KNOAH SOLUTIONS, INC.

By: _____
Marshall T. Potashner, Esq.
600 Third Avenue, 9th Floor
New York, New York 10016
(212) 687-3000

6

**SO ORDERED:**

_____
Hon. Naomi R. Buchwald, U.S.D.J.
2/4/13